UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa J. Redding, Alan Redding, <br><br> Plaintiffs, <br><br> vs. <br><br> Capital One Bank (USA), N.A., Messerli & Kramer, P.A. <br><br> Defendants. | Civil Action No:: 10-cv-4386 (RHK/FLN) <br><br> **AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681 et seq. and 28 U.S.C. § 1367 for pendent state law claims.

## II. PARTIES

2. Plaintiff Lisa J. Redding is a natural person who resides in the City of Bloomington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff Alan Redding is a natural person who resides in the City of Bloomington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Capital One Bank (USA), N.A. (hereinafter "Capital One"), is a National Association operating from an address of 1680 Capital One Drive, McLean, Virginia 22102.

-1-

5. Defendant Messerli & Kramer, P.A., (hereinafter "Messerli & Kramer") is a Professional Association and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), doing business from an address of Suite 250, 3033 Campus Drive, Plymouth, Minnesota 55441-2662, and at all times relevant herein Defendant Messerli & Kramer was acting within the time and space limits of its agency relationship with Capital One, and on behalf of, and for the benefit of its client Capital One.

### III.  FACTUAL ALLEGATIONS

6. In 1999, Plaintiffs opened a joint credit card account with Capital One.

7. Also in 1999, Plaintiff Alan Redding opened a separate credit card account with Capital One.

8. Between 1999 and 2008 Plaintiffs incurred alleged financial obligations on the credit card accounts with Capital One.

9. The alleged financial obligations were primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1692a(5).

10. Plaintiff's allegedly defaulted on their obligations on the credit card accounts in 2008.

11. Beginning in 2009, Defendant Messerli & Kramer began efforts to collect the credit card debts on behalf of Capital One.

12. Employees of Defendant Messerli & Kramer made numerous telephone calls to Plaintiffs in their efforts to collect the alleged debt.  In these telephone calls the


debt collectors made disparaging remarks and implied that Plaintiffs would suffer social disapproval if other people knew about their debts.

13. Employee's of Defendant Messerli & Kramer left numerous voicemail messages for Plaintiffs between December 2009 and May 2010, and had conversations with Plaintiff Alan Redding on several occasions in that time period.

14. Steve Kahn, an employee of Defendant Messerli & Kramer, spoke with Plaintiff Alan Redding on March, 27, 2010, April 10, 2010 and May 20, 22, 24 and 25, 2010.

15. Defendant Messerli & Kramer's employee was demeaning, cajoling and threatening during these communications, for example, on April 10, 2010 Kahn called Plaintiff Alan Redding a "thief" and stated that Plaintiff's refusal to withdraw funds from a 401k to pay the alleged debts was "outright theft."

16. Employee's of Defendant Messerli & Kramer left numerous voicemail messages for Plaintiffs between December 2009 and May 2010, and had conversations with Plaintiff Alan Redding on several occasions in that time period.

17. Steve Kahn, an employee of Defendant Messerli & Kramer, spoke with Plaintiff Alan Redding on March, 27, 2010, April 10, 2010 and May 20, 22, 24 and 25, 2010.

18. Defendant Messerli & Kramer's employee was demeaning, cajoling and threatening during these communications, for example, on April 10, 2010 Kahn called Plaintiff Alan Redding a "thief" and stated that Plaintiff's refusal to withdraw funds from a 401k to pay the alleged debts was "outright theft."

19. Employees of Defendant Messerli & Kramer made numerous telephone calls to Plaintiffs despite Plaintiff's insistence that they had employed Freedom Debt to negotiate on their behalf and Plaintiffs repeated statements that they would not make any payments directly to Messerli & Kramer, but rather wanted to work it out through Freedom Debt.

20. As part of Defendants campaign to collect the debt, Defendants served 2 Complaints and an answer to discovery which alleged that a 2002 Customer Agreement was the document which contained the terms and conditions governing the account. A copy of the "Customer Agreement" provided by Defendants on all three occasions is attached hereto as Exhibit 1.

21. Upon information and belief the 2002 Customer Agreement was not the correct document containing the terms and conditions governing the account, and Defendants' statements were false and misleading.

22. Upon information and belief, Defendants intended to deceive Plaintiffs.

23. Upon information and belief Defendants were aware that the statements were false, and the statements were made willfully.

24. Plaintiffs incurred actual damages as the result of Defendants actions and omissions in the form of suffering emotional distress including but not limited to anxiety, fear, and depression, as well as suffering loss of sleep, lost wages from taking time off to address the collection matter and decreased productivity, marital stress and other actual damages.

## IV.  TRIAL BY JURY

25. That Plaintiff is entitled to and hereby respectfully requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## V.  CLAIMS

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15  U.S.C. §1692 et seq

26. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

27. The foregoing acts of Defendant Messerli & Kramer, in attempting to collect this alleged debt against Plaintiffs, constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(1), 1692d(5), 1692e, and 1692e(10).

28. Plaintiffs have been harmed by these violations by Defendant Messerli & Kramer, and Plaintiffs are entitled to statutory damages, actual damages, and attorneys fees and costs pursuant 15 U.S.C. § 1692k(a).

### COUNT II.

### VIOLATIONS OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT

### MINN. STAT. § 325D.44 Subd. 1(13)

29. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

30. Defendants willfully made a false statement that the document attached to their state court complaints and produced by Defendants in response to Plaintiffs

discovery in the state court actions was the document containing the terms and conditions that governed the credit card accounts that were the subject of the complaints.

31. Defendants statements violated the Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44 Subd. 1(13).

32. Plaintiffs have been seriously damaged by Defendants' violation of the Uniform Deceptive Trade Practices Act and are entitled to actual damages, costs and attorneys fee.

## COUNT III.

## FRAUD

33. Plaintiffs incorporate by reference paragraph 1 through 18 as though fully stated herein.

34. Defendants knew that their statements were false.

35. Defendants intended that Plaintiffs would rely on the statements.

36. Plaintiffs did rely on the statements.

37. As a result of Defendants false statements Plaintiffs have suffered damages and are entitled to actual damages and compensatory damages.

## COUNTS IV and V.

## DECEIT, COLLUSION AND MISCONDUCT BY ATTORNEY

38. Plaintiff incorporates by reference each and every above stated paragraph as though fully stated herein.

39. Defendant Messerli & Kramer, by making false statements, intended to deceive Plaintiffs, or consented to Defendant Capital One's attempt to deceive Plaintiffs.

40. Defendant Messerli & Kramer, apprised by Plaintiff's counsel that the statements were false, delayed Defendant Capital One's suit against Plaintiffs in an attempt to avoid a claim against Defendant Messerli & Kramer for violations of the Fair Debt Collection Practices Act.

41. That Defendant Messerli & Kramer and its attorney employees stood to gain by avoiding liability for violations of the Fair Debt Collection Practices Act.

42. The actions of Defendant Messerli & Kramer and its attorney employees in making false statements violated Minn. Stat. §481.07.

43. The omissions of Defendants Messerli & Kramer in not prosecuting the Complaints served upon Plaintiffs on behalf of Defendant Capital One violated Minn. Stat. §481.071.

44. Plaintiffs have been seriously damaged as a result of Defendant Messerli & Kramer's actions and omissions and are entitled to treble damages.

## COUNT VI

## VIOLATIONS OF THE TRUTH IN LENDING ACT

## 15 U.S.C. §1601 et seq

45. Plaintiffs incorporate by reference paragraphs 1 through 44 as though fully stated herein.

46. Defendants' foregoing acts in attempting to collect this alleged debt against Plaintiffs constitute violations of the TILA, including but not limited to 15 U.S.C. §§ 1637, 1637(b), 12 C.F.R. §§ 226 et seq (Reg. Z), 226.5, 226.5(a)(2),

47. Plaintiffs have been harmed by these violations by Defendants and Plaintiffs are entitled to statutory damages, actual damages, and his attorneys fees and costs pursuant 15 U.S.C. § 1640(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as follows:

### COUNT I

- for an award of statutory damages of $1,000.00 to each Plaintiff herein for violation of the FDCPA pursuant to 15 U.S.C. §1692k, against Defendant Messerli & Kramer;

- for an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k against Defendant Messerli & Kramer;

## COUNT II

- for an award of costs and attorney fees pursuant to Minn. Stat. § 325D.45 Subd. 2. against all Defendants herein;

## COUNT III

- for an award of actual and compensatory damages for Fraud in a reasonable amount in excess of $50,000.00, against all Defendants;

## COUNTS IV and V

- for an award of treble damages for Plaintiffs, and against Defendant Messerli & Kramer for violations of Minn. Stat. § 481.07 and 481.071;

## COUNT VI

- for an award of statutory damages of $1,000.00 to each Plaintiff herein for violation of the FDCPA pursuant to 15 U.S.C. §1640(a), against each Defendant;

- for an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1640(a), against Defendant each Defendant;

## SUCH OTHER RELIEF

- for Plaintiff to be awarded costs of litigation and attorneys' fees against each and every Defendant under each of the allegations herein;

- for such other and further relief as may be just and proper.

-10-

Dated this 1st day of June, 2011.

                    Respectfully submitted,

                    **WEIG LAW FIRM, LLC**

                    BY: s/Paul H Weig_____
                    Paul H. Weig, Atty. ID No. 0288792
                    Attorney for Plaintiff
                    3101 Irving Avenue South
                    Minneapolis, MN 55408
                    (612) 501-4841