# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Lisa and Alan Redding,

        Plaintiffs,

v.

Capital One Bank (USA), N.A., and
Messerli & Kramer, P.A.,

        Defendants.

Civ. No. 10-4386 (RHK/FLN)
**MEMORANDUM OPINION AND ORDER**

Paul H. Weig, Weig Law Firm, LLC, Minneapolis, Minnesota, for Plaintiffs.

Derrick N. Weber, Jennifer M. Zwilling, Messerli & Kramer, P.A., Plymouth, Minnesota, for Defendants.

## INTRODUCTION

This action arises out of debts incurred by Plaintiffs Lisa and Alan Redding ("the Reddings") on credit cards issued to them by Defendant Capital One Bank (USA), N.A. ("Capital One"). The Reddings assert that Capital One and a firm it retained, Defendant Messerli & Kramer, P.A. ("Messerli"), violated several state and federal laws and committed fraud in their attempts to collect the Reddings' debts. Defendants now move to dismiss. For the reasons set forth below, their Motion will be granted in part and denied in part.

**BACKGROUND**

The Complaint alleges the following facts. Between 1999 and 2008, the Reddings incurred debts on credit cards they had been issued by Capital One. (Am. Compl. ¶¶ 6-8.) Messerli then began collection efforts on Capital One's behalf. (Id. ¶¶ 10-11.)[1] It made "numerous" telephone calls to the Reddings between December 2009 and May 2010, in which its employees were "demeaning, cajoling, and threatening," despite being advised that the Reddings had retained "Freedom Debt to negotiate on their behalf" and did not want to deal directly with Messerli. (Id. ¶¶ 12-15, 19.)

Messerli, on behalf of Capital One, then commenced two actions against the Reddings in state court in an effort to collect the debts. (Id. ¶ 20.) Attached to the Complaints in those actions, and also attached to a discovery response filed in the course thereof, was a 2002 "customer agreement" ostensibly containing the terms and conditions of the Reddings' Capital One accounts. (Id.) According to the Reddings, however, Defendants knew that the attached agreement was "not the correct document containing the terms and conditions governing the account" and had attached the wrong document in a deliberate attempt to deceive them. (Id. ¶¶ 21-23.)

On October 27, 2010, the Reddings commenced the instant action. They assert five claims in their Amended Complaint: violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I) and "deceit, collusion, and misconduct by attorney" (Counts

---

[1] Messerli is a Minnesota law firm. See, e.g., Estate of Rampy v. Messerli, 162 F.3d 1163, 1998 WL 396281, at *1 (8th Cir. July 10, 1998) (*per curiam*) (unpublished Table opinion); Burke v. Messerli & Kramer, P.A., Civ. No. 09-1630, 2010 WL 3167403, at *1 (D. Minn. Aug. 9, 2010) (Montgomery, J.).

IV and V) against Messerli alone; and violation of the Minnesota Uniform Deceptive Trade Practices Act ("DTPA") (Count II), fraud (Count III), and violation of the Truth in Lending Act ("TILA") (Count VI) against both Defendants.  Messerli and Capital One now move to dismiss portions of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).[2]

## STANDARD OF REVIEW

The Supreme Court set forth the standard for evaluating a Rule 12(b)(6) motion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Id. at 547.  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555; accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that [he] has the right he claims . . . , rather than facts that are merely consistent with such a right."  Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 554–57).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions."  Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing

---

[2] Defendants' brief is styled "Memorandum of Defendants in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint *in Whole or in Part*."  (Doc. No. 38 (emphasis added).)  Yet, Defendants' Motion does not address three of Plaintiffs' claims, namely, those alleging fraud (Count III) and "deceit, collusion, and misconduct by attorney" (Counts IV and V).  Accordingly, the Court cannot (and will not) dismiss Plaintiffs' Amended Complaint "in whole."

Twombly, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. Twombly, 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote and unlikely. Id.

## ANALYSIS

At the outset, the Court notes that Plaintiffs have failed to respond to Defendants' Motion vis-à-vis Count II, the DTPA claim. Accordingly, the Court deems that claim abandoned and it will be dismissed. See, e.g., Trnka v. Biotel Inc., Civ. No. 07–1206, 2008 WL 108995, at *3 n.4 (D. Minn. Jan. 9, 2008) (Kyle, J.).[3] Hence, only Count I (the FDCPA claim) and Count VI (the TILA claim) remain for resolution.

### I.     The FDCPA claim

Plaintiffs appear to misapprehend the exact nature of Defendants' Motion with respect to the FDCPA claim. In their Amended Complaint, Plaintiffs assert Defendants violated the FDCPA in several ways, including making harassing phone calls and attaching the incorrect customer agreement to their state-court Complaints and discovery

---

[3] The claim would be dismissible in any event because, as the Court recently noted, the DTPA "applies only to *prospective* conduct." Huttner v. Aurora Loan Servs., Civ. No. 11-1048, 2011 WL 2910390, at *1 (D. Minn. July 19, 2011) (emphasis in original) (citations omitted). All of the allegedly "deceptive" conduct challenged by Plaintiffs here occurred in the past. (See Am. Compl. ¶¶ 29-32.)

responses. Defendants have moved to dismiss this claim as time-barred,[4] but *only insofar as it concerns the customer agreement*. (See Def. Mem. at 3 (arguing that the statute of limitations has expired "on claims related to the customer agreement").)[5]  Yet, in their Opposition brief Plaintiffs do not address the customer agreement at all, arguing instead that their claim is timely because "one of the phone calls which violated the FDCPA took place on April 10, 2010, less than one year before Plaintiffs filed this action." (Mem. in Opp'n at 5.)

Plaintiffs' argument misses the mark. Each discrete act that violates the FDCPA is separately actionable and starts the statute-of-limitations clock for a claim based thereon. See, e.g., Solomon v. HSBC Mortg. Corp., 395 F. App'x 494, 497 & n.3 (10th Cir. 2010) (noting that the "vast majority of federal cases" have held that "[f]or statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis"); Purnell v. Arrow Fin. Servs., LLC, 303 F. App'x 297, 303-04 (6th Cir. 2008) (*per curiam*) ("[E]ach 'failure to cease' collection activity without having validated the debt – like each 'communication' of false credit information . . . – presents a discrete claim for violation of the FDCPA."). Later communications regarding a debt do not re-start the

---

[4] The FDCPA has a one-year statute of limitations.  15 U.S.C. § 1692k(d).

[5] Defendants' brief actually asserts that "the statute of limitations has *tolled*" on Plaintiffs' FDCPA claim. (Def. Mem. at 3 (emphasis added).) The Court assumes that Defendants intended to argue that the statute of limitations has *expired*, not tolled. See Black's Law Dictionary 1488 (6th ed. 1990) (defining "toll" as "[t]o suspend or stop temporarily[,] as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiff's minority"); see also Bryan A. Garner, A Dictionary of Modern Legal Usage 884 (2d ed. 1995) ("In the context of time limits – esp. statutes of limitation – toll means 'to abate' or 'to stop the running of (the statutory period).' . . . Toll in this special sense has been misunderstood as meaning 'to set into motion' – that is, just the opposite of its true sense.").

statute of limitations for earlier communications that also may have violated the FDCPA. E.g., Fraenkel v. Messerli & Kramer, Civ. No. 04-1072, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004) (Tunheim, J.). Accordingly, the phone call Plaintiffs received in April 2010 cannot save claims based on the customer agreement if those claims accrued more than one year before October 27, 2010, when Plaintiffs commenced this action.

Nevertheless, the Court cannot conclude at this juncture that FDCPA claims predicated upon the customer agreement accrued more than one year before this action was filed. The Amended Complaint nowhere mentions when Defendants served Plaintiffs with the Complaints and the discovery responses attaching the "incorrect" customer agreement. Hence, the Court cannot ascertain from the face of that document when the allegedly unlawful conduct occurred and, accordingly, whether these claims are time-barred. As a result, this portion of Defendants' Motion must be denied. See, e.g., Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal *unless the complaint itself establishes the defense*.") (emphasis added) (citations omitted); Brictson v. Woodrough, 164 F.2d 107, 110-11 (8th Cir. 1947) (claim may be dismissed under Rule 12(b)(6) on statute-of-limitations grounds only "where it affirmatively appears on the face of the complaint that the action is barred by limitations, and no facts are alleged to avoid the bar of the statute").[6]

---

[6] In arguing for dismissal, Defendants point to certificates of service for the Complaints and the discovery responses, which purport to show when the customer agreement was served upon Plaintiffs. Their reliance on the certificates of service is misplaced for two reasons. First, the certificates are attached to Messerli's Answer in this action. Generally speaking, a court may not

## II.     The TILA claim

Defendants raise several arguments with regard to Plaintiffs' TILA claim; they are considered in turn below.

Messerli first argues that it is not subject to TILA under the facts pleaded in the Amended Complaint. (Def. Mem. at 5-6.) The Court agrees. As Plaintiffs acknowledge, TILA generally reaches only the conduct of "creditors." (See Mem. in Opp'n at 7.) Under TILA, a "creditor" is an entity that "(1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). Nothing in the Amended Complaint suggests this definition applies to Messerli, which was retained to collect Plaintiffs' debts with Capital One.

Recognizing this defect, Plaintiffs argue that Messerli is an "assignee" of their debts and may be held liable for TILA violations. (See Mem. in Opp'n at 7 (citing 15 U.S.C. § 1641(a)).) Yet, no facts pleaded in the Amended Complaint indicate – or remotely suggest – that Messerli is Capital One's assignee. An assignee, in both legal parlance and everyday usage, is "one to whom a right or property is legally transferred."

---

rely upon materials attached to an answer when considering a motion to dismiss. See, e.g., Brooks v. Midwest Heart Grp., __ F.3d __, 2011 WL 3962861, at *3 (8th Cir. Sept. 9, 2011) ("Consideration on a motion to dismiss under Rule 12(b)(6) is limited to initial pleadings."); Bonnot v. Cong. of Indep. Unions, Local No. 14, 331 F.2d 355, 357 (8th Cir. 1964) (Blackmun, J.) (district court must rule on motion to dismiss "without reference or concern as to a subsequent responsive pleading"). Second, at least one of the certificates indicates that the "incorrect" customer agreement was served on October 28, 2009 (see Doc. No. 35-2), which is within one year of October 27, 2010.

Holywell Corp. v. Smith, 503 U.S. 47, 53 (1992); accord, e.g., Black's Law Dictionary 118-19 (6th ed. 1990) (defining "assignee" as a "person to whom an assignment is made" and "assignment" as "[t]he act of transferring to another all or part of one's property, interest, or rights").  The Amended Complaint nowhere alleges or even intimates that Capital One assigned its rights to collect Plaintiffs' debts to Messerli.  Indeed, it suggests precisely the opposite.  (See Am. Compl. ¶ 11 ("Defendant Messerli & Kramer began efforts to collect the credit card debts *on behalf of Capital One*.") (emphasis added); id. ¶ 43 (noting that Messerli undertook its actions "on behalf of Defendant Capital One").)  As a result, Plaintiffs have not pleaded a viable TILA claim against Messerli.

Next, Capital One argues that the TILA claim against it fails for two reasons.  It first argues, parroting the argument discussed above, that the claim is untimely.  (Def. Mem. at 6-7.)  And as before, it supports that argument by pointing to the certificates of service regarding the customer agreement.  (Id.)  For the reasons set forth above, this argument fails at the present juncture.  (See supra note 6.)

Capital One next argues that the facts alleged in the Amended Complaint "pertain to events and actions that occurred during the attempted collection of Plaintiffs' *closed* credit accounts."  (Def. Mem. at 6 (emphasis added).)  It contends that the portions of TILA identified in the Amended Complaint are inapplicable to its conduct because Plaintiffs' accounts were closed when the violations purportedly occurred.  (Id.)  But while Capital One repeatedly harps on this (supposed) fact, the Court finds no support in the Amended Complaint for the assertion that the accounts were closed when the (alleged) TILA violations took place.  All that is alleged is that Plaintiffs incurred debts

on their credit cards between 1999 and 2008 and "defaulted on their obligations on the credit card accounts in 2008." (Am. Compl. ¶¶ 8, 10.) Nowhere does the Amended Complaint suggest that the accounts were closed when the allegedly unlawful conduct took place. Hence, Capital One's argument is predicated on a "fact" beyond the pleadings, which may or may not be accurate and which does not provide a basis for relief on a motion to dismiss.[7]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. No. 37) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to Count II of the Amended Complaint (the DTPA claim), and that claim is **DISMISSED WITH PREJUDICE**. The Motion is further **GRANTED** with respect to Count VI of the Amended Complaint (the TILA claim) insofar as it is asserted against Messerli, and that claim also is **DISMISSED WITH PREJUDICE**. In all other respects, the Motion is **DENIED**.

Date:  September 15, 2011                s/Richard H. Kyle
                                                                                      RICHARD H. KYLE
                                                                                      United States District Judge

---

[7] Given the foregoing, it is ironic (and disingenuous) for Defendants to assail Plaintiffs for "argu[ing] facts that have no basis and are not alleged." (Reply Mem. at 2.)